IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

KEITH J. POWELL,
        Plaintiff,

vs.                                            Case No.: 3:12cv189/MCR/EMT

KENNETH TUCKER, et al.,
        Defendants.
_____/

## REPORT AND RECOMMENDATION

    Plaintiff, a Florida inmate proceeding pro se, commenced this civil action on April 13, 2012
(doc. 1).  He also filed a motion to proceed in forma pauperis, motion to appoint counsel, and motion
for default judgment (*see* docs. 2, 3, 4).

    Pursuant to the "three strikes" provision of the Prison Litigation Reform Act:

        In no event shall a prisoner bring a civil action or appeal a judgment in a civil
    action or proceeding under this section if the prisoner has, on 3 or more prior
    occasions, while incarcerated or detained in any facility, brought an action or appeal
    in a court of the United States that was dismissed on the grounds that it is frivolous,
    malicious, or fails to state a claim upon which relief may be granted, unless the
    prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

    Plaintiff was clearly a prisoner when he filed the instant civil action (*see* doc. 1).
Furthermore, the court takes judicial notice of three cases previously filed by Plaintiff in the federal
courts:  Powell v. Ellis, et al., Case No. 3:07cv160/MCR/EMT (N.D. Fla. 2007), Powell v. Kaplan
et al., No. 0:08cv60473-WJZ (S.D. Fla. 2008 ), and Powell v. Broward Cnty. Bd. of Cnty. Comm'r,
et al., No. 0:10cv62015-JIC (S.D. Fla. 2010).  Plaintiff was incarcerated at the time he filed each of
those cases, as his address of record indicated in each complaint was a penal institution.
Additionally, each of those cases qualifies as a "strike" under § 1915(g), because it was previously
dismissed by the district court on the ground that Plaintiff failed to state a claim upon which relief

may be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii).  Therefore, Plaintiff may not proceed in forma pauperis in the instant case, unless he qualifies under the "imminent danger of serious physical injury" exception of § 1915(g).

Circuit court cases have been helpful in determining what a prisoner with three strikes must show in order to be allowed to proceed in forma pauperis.  According to the Eleventh Circuit, in Brown v. Johnson, 387 F.3d 1344, 1350 (11th Cir. 2004), "the issue is whether [the] complaint, as a whole, alleges imminent danger of serious physical injury."   Accordingly, when determining whether a plaintiff has met his burden of proving that he is in imminent danger of serious physical injury, the court must look to the complaint, which must be construed liberally and the allegations of which must be accepted as true.  *See id.*; Jackson v. Reese, 608 F.2d 159, 160 (5th Cir. 1979); McAlphin v. Toney, 281 F.3d 709, 710 (8th Cir. 2002). General allegations that are not grounded in specific facts which indicate that serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g).  Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003).  The plaintiff must allege and provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury," *id.*, and vague allegations of harm and unspecific references to injury are insufficient.  White v. State of Colorado, 157 F.3d 1226, 1231 (10th Cir. 1998).  A claim by a prisoner that he faced a past imminent danger is an insufficient basis to allow him to proceed in forma pauperis pursuant to the imminent danger exception.  Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999) (holding that exception not triggered where threat of assault by other prisoners ceased to exist when plaintiff was placed in administrative confinement prior to filing of his complaint); *see also* Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002) (holding that "imminent danger" exception to § 1915(g)'s "three strikes" rule is construed narrowly and available only "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate.").  Moreover, "imminent danger" is assessed not at the time of the alleged incident, but rather at the time the complaint is filed.  *See* Abdul-Akbar v. McKelvie, 239 F.3d 307, 213 (3d Cir. 2001).

In the instant case, Plaintiff names five Defendants:  Perri King Dale, Acting General Counsel for the Florida Department of Corrections ("FDOC"); Kenneth Tucker, Secretary of the FDOC; David Ellis, Warden of Santa Rosa Correctional Institution; T.R. Santurri, a circuit judge

for the Circuit Court in and for Santa Rosa County, Florida; and Mary M. Johnson, Clerk of Court for the Circuit Court in and for Santa Rosa County, Florida (doc. 1 at 1).  Plaintiff alleges Defendants willfully destroyed his personal property, including legal documents concerning pending state civil and criminal matters, and failed to process and respond to motions he filed in those cases (*id.* at 2–6).  Plaintiff claims that Defendants' conduct violated his constitutional rights to due process, equal protection, and access to the courts (*id.* at 5–15).  As relief, he seeks a declaratory judgment, monetary damages, and injunctive relief (*id.* at 6, 13).

Plaintiff's allegations do suggest he is under any danger of physical injury, let alone an imminent threat of serious physical injury.  Therefore, he does not qualify under the imminent danger exception to § 1915(g).  Accordingly, he may not proceed in forma pauperis. A prisoner who is no longer entitled to proceed in forma pauperis must pay the filing fee at the time he initiates the suit, and failure to do so warrants dismissal without prejudice.  Dupree v. Palmer, 284 F.3d 1234 (11th Cir. 2002); Vanderberg v. Donaldson, 259 F.3d 1321, 1324 (11th Cir. 2001).

Accordingly, it is **ORDERED**:

Plaintiff's motion to proceed in forma pauperis (doc. 2) is **DENIED**.

And it is respectfully **RECOMMENDED**:

1.      That pursuant to 28 U.S.C. § 1915(g), this cause be **DISMISSED without prejudice** to Plaintiff's initiating a new cause of action accompanied by payment of the $350.00 filing fee in its entirety.

2.      That all other pending motions be **DENIED** as moot.

3.      That the clerk be directed to enter judgment accordingly and close the file.

At Pensacola, Florida, this 30th day of April 2012.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

## <u>NOTICE TO THE PARTIES</u>

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>.  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).